# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff(s),<br><br> v.<br><br>ZALTON BROOKS,<br><br>         Defendant(s). | Case No.2:23-CR-150 JCM (EJY)<br><br>ORDER |

   Presently before the court are defendant Zalton Brooks' *pro se* motions to dismiss counsel. (ECF Nos. 98, 101).  Defendant's counsel, Ozvaldo Fumo, responded in non-opposition.  (ECF No. 109).

   On May 31, 2024, Brooks appeared and entered a guilty plea to Count Two of the superseding indictment, charging him with Engaging in the Business of Dealing Firearms Without a License.  (ECF No. 81).  The court sentenced Brooks to 37 months in custody and 3 years of supervised released pursuant to a plea agreement.  (ECF No. 95).  This sentence is on the low-end of the U.S. Sentencing Guidelines range.  (ECF No. 92).

   Brooks now objects to the sentence and moves to dismiss Fumo as counsel, alleging ineffective assistance of counsel in the sentencing process.  (ECF Nos. 98, 101).  Fumo does not oppose the motion.  (ECF No. 109).

   Whether to grant or deny a motion to withdraw as counsel is within the court's discretion and involves a balance of equities. *Campbell v. Obayashi Corp*., 424 F. App'x 657, 658 (9th Cir. 2011).  A client's right to discharge his attorney "is absolute." *Fed. Sav. & Loan Ins. Corp. v. Angell, Holmes & Lea*, 838 F.2d 395, 395–96 (9th Cir. 1988).

The court finds good cause to grant Brooks' *pro se* motion.  Brooks makes clear he no longer desires Fumo to represent him, and Fumo agrees Brooks is pursuing claims inconsistent with his continued representation.  The court therefore grants Brooks' motions to dismiss Fumo as counsel and proceed *pro se*.

Also before the court is Brooks' motion to withdraw his guilty plea.  (ECF No. 102).  A defendant may not withdraw a guilty plea after the court imposes sentence.  Fed. R. Crim. Pro. 11(e).  Brooks may only challenge his sentence on direct appeal or collateral attack.  *Id*.  His motion to withdraw his guilty plea is therefore denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Zalton Brooks' *pro se* motions to dismiss counsel (ECF Nos. 98, 101) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant Zalton Brooks' motion to withdraw his guilty plea (ECF No. 102) be, and the same hereby is, DENIED with prejudice.

DATED October 11, 2024.

_____
UNITED STATES DISTRICT JUDGE