UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:23-cr-00150-JCM-EJY |
| Plaintiff, | **ORDER** |
| v. | |
| JOSHUA AARON JAMES, | |
| Defendant. | |

Pending before the Court is the Federal Public Defender's Sealed *Ex Parte* Motion for Status Conference (ECF No. 127) in which defense counsel asks the Court to decide whether there is a conflict of interest requiring such counsel to withdraw from representation of Defendant. After suggesting to defense counsel that the Court believed counsel could make this decision without Court intervention, counsel for Defendant again deferred to the Court.

The Sixth Amendment guarantees the right to counsel for criminal defendants. The right to counsel under the Sixth Amendment also provides for the right to conflict free counsel. *Wood v. Georgia*, 450 U.S. 261, 271 (1981) ("Where a constitutional right to counsel exists, our Sixth Amendment cases hold that there is a correlative right to representation that is free from conflicts of interest."). Whether an actual conflict of interest or serious potential for a conflict of interest exists is the first step in this analysis. *United States v. Rogers*, 209 F.3d 139, 143 (2d Cir. 2000). "An 'actual conflict' exists when defense counsel is compelled to compromise his or her duty of loyalty or zealous advocacy to the accused by choosing between or blending the divergent or competing interests of a former or current client." *Perillo v. Johnson*, 205 F.3d 775, 781 (5th Cir. 2000) (citing *Strickland v. Washington*, 466 U.S. 668, 692 (1984). The Supreme Court explained that "[a]n 'actual conflict of interest' meant precisely a conflict that affected counsel's performance—as opposed to a mere theoretical division of loyalties." *Mickens v. Taylor*, 535 U.S. 162, 171 (2002).

The U.S. Attorney takes the position that neither an actual conflict nor serious potential for conflict of interest exists in this case. The Federal Public Defender has not identified an actual

conflict, but appears to be concerned about a potential conflict when a witness, who was briefly represented by the Office of the Federal Public Defender more than three years ago, takes the witness stand. Under the facts available, there does not appear to be an actual conflict.

Nevada Rules of Professional Conduct 1.8, 1.9, and 1.10 address conflicts of interest. Rule 1.9(a) states in relevant part: "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." The Court has insufficient information to determine whether under Nevada Rule of Professional Conduct 1.9(a) the Federal Public Defender has a conflict that prevents its continued representation of Defendant. The Court also has no information regarding whether the Assistant Federal Public Defender who represented the individual that is now a witness shared any confidences with counsel for Defendant such that there is an imputed conflict under Nev. R. Prof. Cond. 1.10. The Court notes that case law from the Second Circuit states: "when there is no claim that the trial will be tainted, appearance of impropriety is simply too slender a reed on which to rest a disqualification order except in the rarest cases." *Board of Education of New York City v. Nyquist*, 590 F.2d 1241, 1247 (2d Cir. 1979).

In sum, the Court finds in the absence of additional information a decision cannot be made by the Court (albeit, it is possible such decision could be made by the Federal Public Defender) regarding whether the Federal Public Defender has a conflict requiring present counsel to withdraw.

Accordingly, IT IS HEREBY ORDERED that the Court will hold a sealed hearing on **May 6, 2025 at 2 p.m. in Courtroom 3D** at which all counsel and Defendant **must** be present in person. The issues of conflict of interest will be discussed and fleshed out. Counsel for Defendant **must** be prepared to discuss facts and concerns that touch on an actual or potential conflict of interest.

Dated this 24th day of April, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE